## THE C., R. I. & P. R. CO. v. THARNISH.

1. **Practice**: OCCUPYING CLAIMANT: APPEAL. Where, after judgment in favor of the plaintiff in an action to recover land under a Congressional grant, and while the action was still pending in the United States Supreme Court on writ of error sued out by the defendant to the Supreme Court of this State, the defendant filed a petition for improvements under the occupying claimant act, it was held that the court properly refused to grant a writ of possession to the plaintiff until such petition was disposed of. As to the effect of its filing on the appeal, and the jurisdiction of the court to try the same while the appeal was pending, *quære*.

*Appeal from Audubon Circuit Court.*

### FRIDAY, OCTOBER 22.

THIS is an appeal from an order overruling a motion for the issuance of a writ of possession. The plaintiff, in an action brought in the Circuit Court, recovered judgment against the defendant for the recovery of the real estate in question. Upon appeal to this court the judgment was affirmed. The plaintiff applied to the clerk for a writ of possession, which was refused. Previous to the application for the writ the defendant had filed a petition for an allowance for improvements under the occupying claimant law, and the refusal by the clerk to issue the writ was based upon the ground that such petition had been filed. Upon such refusal the plaintiff filed a motion for an order upon the clerk requiring him to issue the writ. The motion was overruled, and the plaintiff appeals.

*Wright, Gatch & Wright,* for appellant.

*Sapp, Lyman & Ament,* for appellee.

ADAMS, CH. J.—Before proceeding to the consideration of the case we feel called upon to make a slight criticism upon the argument of the counsel for the appellee. They have called our attention in pathetic lan-. guage to the fact, as they assume it to be, that the plaintiff is rich and the defendant poor. There is, of course, nothing properly in the record showing the comparative pecuniary condition of the respective parties. The rich and the poor stand before the law on a perfect equality, and none would more readily concede this as an abstract proposition than the eminent counsel for the appellee. They can but see, upon reflection, that it is not quite proper to call our attention to considerations by which in no event would it be proper for us to allow ourselves to be influenced.

Section 1976 of the Code provides that in a real action where a judgment of recovery is rendered, no execution shall issue to put the plaintiff in possession after the filing of a petition by the defendant as occupying claimant until the claim has been disposed of.

Taking the facts to be simply as we have above stated them, it would not be claimed by appellant that it was entitled to a writ of possession. But a fact remains to be stated. The defendant has sued out a writ of error in the action to the Supreme Court of the United States, whereby he seeks a review of the judgment of this court, and a reversal of it if it should be found to be erroneous. Now, the plaintiff claims that no petition for an allowance for improvements could properly be filed so long as no judgment had been rendered, in which the defendant acquiesced. The argument is that if a claim is properly made for improvements the court should proceed to an adjudication of it, and that the adjudication of it must be either conditional, for which the law makes no

*1. PRACTICE: occuying claimant: appeal.*

provision, or absolute, and result in a wrong to the plaintiff in case of a reversal of the judgment for possession. The plaintiff insists, therefore, that the defendant should have made no claim for improvements until the right of possession had been finally determined, and if the defendant wished to prevent the plaintiff in the meantime from dispossessing him he should have filed a supersedeas bond.

Without denying that there is much force in this reasoning, it appears to us that the plaintiff in insisting upon a writ of possession asks us for the present to treat the judgment as final. If we do so treat it we must, of course, hold that the petition under the occupying claimant law was properly filed, and had the effect to prevent the issuance of the writ.

It is possible that the filing of the petition might be considered as an abandonment of the appeal, and would justify the court in which the appeal is pending in dismissing it, but with that question of course we have nothing to do.

As to the irregularity and improper complications which the plaintiff points out as liable to result from entertaining a petitition for an allowance for improvements, we have to say that it does not appear to us that they are of a very serious character.

The plaintiff complains that it is liable to be adjudged to pay for improvements, and finally not recover the property. But no personal judgment can be rendered. The plaintiff need only pay as a condition of gaining possession of the property and improvements. It is true a failure to pay within such time as should be granted might result in limiting plaintiff's interest to that of a tenant in common, but it would be the duty of the trial court to grant such time for payment as would be reasonable, Code, § 1980, and what would be reasonable would depend upon the circumstances of the particular case.

The plaintiff complains that it is liable to be drawn into litigation over the question of the claim which, upon reversal, would prove fruitless. But, if the defendant prosecutes an

appeal from the judgment for possession which may render litigation over the question of the claim for improvements fruitless, the plaintiff should doubtless have a continuance upon application for that purpose.

Finally it is insisted that while an appeal from the judgment for possession is pending the case cannot be regarded as being in the Circuit Court for any purpose other than the enforcement of the judgment in the absence of a supersedeas.

If this be so it would result that the Circuit Court would not, while the appeal was pending, have jurisdiction to adjudicate upon the claim for improvements. But the appeal before us is not made from any judgment upon the claim for improvements. The appeal is merely from an order denying the writ of possession. No question of jurisdiction arises upon such order. We think the judgment must be

AFFIRMED.